IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION No. 7:21-cv-00025-FL

| | |
|---|---|
| DANIEL McCARTHY and PHILIP SCALZO,<br><br>    Plaintiffs,<br><br>v.<br><br>ACTIVE ENERGY GROUP, PLC; LUMBERTON ENERGY HOLDINGS LLC; ADVANCED BIOMASS SOLUTIONS, PLC; and ACTIVE ENERGNY RENEWABLE POWER, LLC.,<br><br>    Defendants. | **REPORT OF THE PARTIES' PLANNING MEETING**<br>Fed. R. Civ. P. 26(f) |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. The following persons participated in a Rule 26(f) conference on February 13, 2022, by telephone:

    Brycen G. Williams, representing the Plaintiff;

    Gary K. Shipman, representing the Defendant.

2. Initial Disclosures. The parties stipulate that they will complete the initial disclosures by February 27, 2022.

3. Discovery Plan. The parties propose this discovery plan:

    (a) Discovery will be needed on these subjects:

All facts, matters and issues raised in any pleadings, all defenses raised by Defendant, and any other relevant matters revealed in discovery within the scope of Fed. R. Civ. P. 26.

(b) Discovery will commence February 13, 2022, and will be completed by February 13, 2023.

(c) Interrogatories; Requests for Production of Documents; Requests for Admissions:

    i    Each party shall be limited to 25 interrogatories directed at each party with the responses due 30 days after service.

    ii    Each party shall be limited to 25 requests for production of documents directed at each party with the responses due 30 days after service.

    iii    Each party shall be limited to 25 requests for production admissions directed at each party with the responses due 30 days after service.

(d) Depositions

    i    Each party shall be permitted to depose each other party in addition to 10 fact witnesses.

    ii    Each deposition shall be limited to no more than 7 hours.

4. Expert Witnesses

    (a) Each side shall be limited two expert witnesses.

    (b) The Party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 13, 2022. The Parties shall designate any rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before

November 13, 2022. Any rebuttal opinions will be exchanged on or before December 13, 2022.

(c) Supplementations of discovery under Fed. R. Civ. P. 26(e) will be due no later than 30 days after receipt or discovery of the supplemental information, with final supplementation due no later than the close of the discovery period.

(d) Electronically Stored Information

    i    Plaintiff's proposed language: The parties shall produce any properly requested electronically stored information ("ESI"), assuming such ESI is not otherwise objectionable and is not otherwise protected by the work product doctrine, the attorney-client privilege, or any other limitation on disclosure. The parties shall cooperate to limit the cost and time required in making such disclosures of ESI. Disclosure of ESI will be limited to ESI that is reasonably available in the ordinary course of business. ESI will be produced in hard copy or as Tagged Image File Format ("TIFF"), Portable Document Format ("PDF"), Personal Storage Table ("PST") files on CD or DVD, through electronic file transfer, or any other appropriate manner, at the producing party's option. In the event that either party asserts in good faith that the production of certain ESI would be unduly burdensome, the parties agree to negotiate regarding the possibility of shifting or sharing the costs related to the extraction, searching, and production of such ESI, including any costs due to third-party vendor(s), but excluding attorneys' fees. Before any reimbursable costs are incurred, the producing party shall

notify the requesting party regarding the cost and the purpose for such cost. Neither party will be expected or required to physically search all ESI for potentially responsive materials. To contain costs and reduce the volume of ESI that is not relevant to the matter, the parties agree to meet and confer to discuss the use of reasonable search terms and date ranges as a means to identify relevant ESI for review and production, with an expectation that the parties will reach an agreement on a set of search terms. All metadata associated with ESI must be preserved, but the parties need not produce all metadata associated with ESI, unless the requesting party demonstrates a need for specific metadata. The parties shall produce a load file (.dat file) containing standard metadata fields to the extent they exist and to the extent such information is reasonably ascertainable and can be provided through reasonable means for the ESI being produced.

    ii    Defendant's proposed language: Disclosure or discovery of electronically stored information should be handled in accordance with Fed. R. Civ. P. 26 and Local Rule 26.1.

(e)    If any production containing information protected from disclosure by the work product doctrine, the attorney-client privilege, or any other limitation on disclosure is inadvertently produced, the producing party may, by notice provided within ten (10) days of discovering the disclosure, assert the privilege or protection and obtain the return of the materials without waiver.

5.    Other Items:

(a) The parties do not request a meeting with the court before a scheduling order is entered.

(b) At this time, the parties do not request a pretrial conference date be set.

(c) Deadline for joining additional parties:

    i    Plaintiffs' proposed deadline: The final date for joining parties shall be in accordance with the Federal Rules.

    ii    Defendants' proposed deadline: By no later than 120 days after date of Entry of Scheduling Order.

(d) Deadline to amend pleadings:

    i    Plaintiffs' proposed deadline: The final date for amending the pleadings shall be in accordance with the Federal Rules.

    ii    Defendants' proposed deadline: By no later than 150 days after date of Entry of Scheduling Order.

(e) The deadline for dispositive motions is March, 13 2023.

(f) This case was selected for mediation and the parties agree to engage in said mediation in good faith.

(g) The parties will continue to discuss the prospects of settlement as the case progresses and may agree to a second mediation near the close of discovery.

(h) The pretrial disclosures required under Rule 26(a)(3) of the Federal Rules of Civil Procedure shall be due from Plaintiff at least 28 days before the Final Pretrial Conference and shall be due from Defendant at least 21 days before the Final Pretrial Conference.

(i) The parties shall designate and serve any objections listed in Rule 26(a)(3) of the Federal Rules of Civil Procedure at least 14 days before the Final Pretrial Conference.

(j) Parties suggest a trial date approximately three months after the disposition of any dispositive motions. The parties estimate that the trial will last five days.

(k) Due to the nature of the case, the parties acknowledge the possibility of discoverable information containing private patient health information and/or information protected under the doctor patient privilege. The parties agree to take steps to protect such information including filing for a protective order.

(l) The parties do not consent to the use of a magistrate pursuant to 28 U.S.C. 636(c).

This the 13th day of February 2022.

| | |
|---|---|
| **WILLIAMS & RAY, PLLC** | **SHIPMAN & WRIGHT, LLP** |
| /s/ Bryan G. Williams | */s/ Gary K. Shipman* |
| BRYAN G. WILLIAMS | GARY K. SHIPMAN |
| NC Bar No..: 50253 | N.C. State Bar No.: 9464 |
| Williams & Ray, PLLC | 575 Military Cutoff Road, Suite 106 |
| 555 Fayetteville St., Suite 201 | Wilmington, NC 28405 |
| Raleigh, NC 27601 | Telephone: (910) 762-1990 |
| Phone: (888) 315-3841 | Facsimile: (910) 762-6752 |
| Fax: (303) 502-5821 | Email: gshipman@shipmanlaw.com |
| Email: bw@williamsray.com | *Attorney for Defendants* |
| *Attorney for Plaintiff* | |